798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Cedric BELL, Defendant-Appellant.
 No. 85-3946.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1986.
 
 Before LIVELY, KENNEDY and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Wayne Cedric Bell appeals his conviction of unlawful possession of a firearm after having previously been convicted of a felony pursuant to 18 U.S.C.App. Sec. 1202(a). The district court suspended Bell's sentence and placed him on inactive probation for a three month period.
 
 
 2
 The sole issue raised on this appeal has been resolved by this court in a prior appeal of this case. When this case first came to trial, the district court found that the government's search of Bell was unlawful and suppressed evidence of the fruits of the allegedly illegal search, including the firearm discovered during the search. The government appealed that key ruling to this court. In a published opinion, this court reversed and remanded the action, finding the search and seizure of the pistol to have been reasonable under principles underlying various supreme court decisions. For a complete discussion of the facts underlying Bell's arrest and the panel's legal analysis, see United States v. Bell, 762 F.2d 495 (6th Cir.1985). On remand Bell, a convicted felon, was convicted of the unlawful possession of a firearm.
 
 
 3
 The sole issue offered by Bell on appeal is that the district court erroneously admitted the evidence obtained by the allegedly unlawful search. Without even contending that a basis exists for ignoring the prior panel's decision on the same issue, Bell merely reproduced his argument from the previous appeal. We are bound, however, by the doctrine of law of the case from reconsidering matters previously decided in the course of the same action. Bell offered no reason why the doctrine should be avoided, and we find no reasonable basis to ignore that doctrine.
 
 
 4
 Accordingly, we AFFIRM Bell's conviction.
 
 
 5
 WELLFORD, Circuit Judge, concurring.
 
 
 6
 I am in entire agreement that the rule of law in this case established and expressed in this court's prior decision involving appellant Bell at 762 F.2d 495 is controlling and that we must affirm.
 
 
 7
 I write only to express my concern about the action of the district court after the remand by this court. Appellant, in light of the mandated overruling of his suppression motion, entered a conditional guilty plea under Fed.R.Crim.P. 11(a)(2) to the charge of unlawfully possessing a pistol as a convicted felon under 18 U.S.C.App. Sec. 1202(a).
 
 
 8
 Relatively soon after his release from prison on a felony charge, Bell was at the time of the challenged arrest consorting with Earl Cherry, considered by police as armed and dangerous, a principal in a food stamp and narcotics trafficking operation, with a "serious" arrest record. At the time he was discovered with the concealed pistol on his person, Bell was with Cherry at a food stamp distribution center with people milling around the Cadillac that Cherry and Bell occupied. The investigating FBI agent characterized Bell's conduct at the time as "defiant" and not responsive to their reasonable commands in view of the difficult situation they faced. A plastic bag of what was believed to be marijuana was found at the time in the car. The FBI agents, moreover, had reason to suspect that Bell had been involved with Cherry in unlawful activities through an FBI undercover investigation.
 
 
 9
 One would expect normally that such a defendant would be placed in actual custody by the sentencing judge.